**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHRISTOPHER JOSEPH RAMKE, derivatively on behalf of HERTZ GLOBAL HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRA BROOKS, COLIN FARMER, JENNIFER FEIKIN, MARK FIELDS, VINCENT J. INTRIERI, MICHAEL GREGORY O'HARA, STEPHEN M. SCHERR, ANDREW SHANNAHAN, THOMAS WAGNER, and EVAGELINE VOUGESSIS,<br><br>Defendants,<br><br>and<br><br>HERTZ GLOBAL HOLDINGS, INC.,<br><br>Nominal Defendant. | Case No. 1:24-cv-01071-JLH |

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING ACTION**

Plaintiff Christopher Joseph Ramke ("Plaintiff"), Nominal Defendant Hertz Global Holdings, Inc. ("Hertz"), and Defendants Alexandra Brooks, Colin Farmer, Jennifer Feikin, Mark Fields, Vincent J. Intrieri, Michael Gregory O'Hara, Stephen M. Scherr, Andrew Shannahan, Thomas Wagner, and Evangeline Vougessis (collectively, the "Individual Defendants" and with Hertz, "Defendants," and with Plaintiff, the "Parties") jointly submit this stipulation and proposed Order (the "Stipulation") to stay the above-captioned shareholder derivative action (the "Derivative Action") and in support thereof state as follows:

WHEREAS, Plaintiff filed the Derivative Action on September 25, 2024 on behalf of Hertz against the Individual Defendants alleging, among other things, violations of federal law and breaches of fiduciary duty;

WHEREAS, a putative class action alleging violations of the federal securities laws against Hertz and Individual Defendants Mr. Scherr and Ms. Brooks, based on similar facts and allegations as this Derivative Action, is pending in the United States District Court for the Middle District of Florida, captioned *Doller v. Hertz Global Holdings, Inc.*, Case No. 2:24-cv-00513-JLB-KCD (the "Federal Securities Action");

WHEREAS, on October 30, 2024, the defendants in the Federal Securities Action moved to dismiss the case in its entirety (the "Motion to Dismiss") and such Motion to Dismiss became fully briefed as of December 23, 2024;

WHEREAS, on December 20, 2024, Defendants returned waivers of service pursuant to Federal Rule of Civil Procedure 4(d);

WHEREAS, pursuant to Federal Rule of Civil Procedure 4(d)(3), Defendants' deadline to answer, move to dismiss or otherwise respond to the Complaint is currently February 18, 2025;

WHEREAS, the Parties agree that this Derivative Action is related to, and involves overlapping parties and factual allegations as, the Federal Securities Action;

WHEREAS, the Parties agree that the outcome of the Motion to Dismiss the Federal Securities Action may help inform whether, and if so how, the Derivative Action proceeds;

WHEREAS, Defendants expressly reserve all rights and defenses, except as to service of process;

WHEREAS, the Parties agree that the interests of efficiency, effective case management, and the conservation of judicial and litigant resources would be served by temporarily staying the Derivative Action, on the terms set forth herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the approval of the Court, as follows:

1. This Derivative Action, including all deadlines, hearings, and judicial conferences, and Defendants' responses to the Complaint—including Defendants' February 18, 2025 deadline to answer, move to dismiss or otherwise respond to the Complaint—shall be stayed until the date (the "Termination Date") that is the earlier of: (a) resolution of the Motion to Dismiss the Federal Securities Action; (b) an order of this Court lifting the stay ordered hereunder; or (c) 14 days after either Plaintiff or Defendants provide notice to terminate via email to the undersigned counsel for the other Party.

2. By entering into this Stipulation, Defendants confirm that they have informed Plaintiff of all litigation or inspection demands made by Hertz stockholders related to the matters at issue in the Derivative Action.

3. Defendants agree that, during the pendency of the stay:

a. Defendants will promptly notify Plaintiff (a) should any other Hertz stockholder make a litigation or inspection demand related to the matters at issue in the Derivative Action after the date of the filing of this Stipulation, and/or (b) if Defendants become aware of any additional derivative lawsuits filed in any forum that allege the same or similar conduct as that alleged in the Derivative Action.

b. In the event that any documents are produced to any other Hertz stockholder who has demanded the inspection of books and records of Hertz based on the

same or a similar set of facts as those alleged in this Derivative Action or who has filed a stockholder derivative action on behalf of the Company, Defendants agree to produce those documents to Plaintiff subject to the Parties' agreement to an appropriate confidentiality order that permits Plaintiff to use such documents in the Derivative Action.

c. If Defendants engage in mediation in the Federal Securities Action, Defendants agree to provide Plaintiff with reasonable advance notice of any such mediation and to endeavor in good faith to include Plaintiff in that mediation, but in the event that Defendants are unable to include Plaintiff in such mediation, then Defendants will mediate with Plaintiff at or about the same time.

d. If Defendants engage in mediation with any other plaintiff threatening or purporting to assert substantially similar claims derivatively on behalf of Hertz, Defendants agree to provide Plaintiff with reasonable advance notice of such mediation and to include Plaintiff in such mediation.

4. Notwithstanding the stay of this Derivative Action, Plaintiff may file an amended complaint, though Defendants shall be under no obligation to respond to it during the pendency of the stay and any deadline to respond will be similarly stayed under the terms of this stipulation. In the event Plaintiff files an amended complaint, the Parties shall meet and confer to set a schedule, in the event the stay of the Derivative Action is lifted, to govern Defendants' response to any such amended complaint.

5. Within twenty (20) days of the Termination Date, the Parties shall meet and confer and submit a proposed schedule to the Court.

6. Nothing herein shall be construed as a waiver of any party's rights or positions in law or in equity, or as a waiver of any defenses that any party would otherwise have, and the parties reserve all such rights.

Dated: February 10, 2025

**DELEEUW LAW LLC**

*/s/ P. Bradford deLeeuw*
P. Bradford deLeeuw (DE Bar # 3569)
1301 Walnut Green Road
Wilmington, DE 19807
Tel: (302) 274-2180
Fax: (302) 351-6905
brad@deleeuwlaw.com

*Counsel for Plaintiff Christopher Joseph Ramke*

OF COUNSEL:

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
Melissa A. Fortunato
Marion C. Passmore
Gabriela A. Cardé
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (212) 308-5858
Fax: (212) 214-0506
eagel@bespc.com
fortunato@bespc.com
passmore@bespc.com
carde@bespc.com

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Blake Rohrbacher*
Blake Rohrbacher (DE Bar # 4750)
Kelly E. Farnan (DE Bar # 4395)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
rohrbacher@rlf.com
farnan@rlf.com

*Counsel for Defendants Alexandra Brooks, Colin Farmer, Jennifer Feikin, Mark Fields, Vincent J. Intrieri, Michael Gregory O'Hara, Stephen M. Scherr, Andrew Shannahan, Thomas Wagner, and Evangeline Vougessis, and Nominal Defendant Hertz Global Holdings, Inc.*

OF COUNSEL:

**DAVIS POLK & WARDWELL LLP**
Edmund Polubinski
Deborah S. Mazer
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
edmund.polubinski@davispolk.com
deborah.mazer@davispolk.com

Jonathan K. Chang
900 Middlefield Road
Redwood City, CA 94063
Tel: (650) 752-2000
Fax: (650) 752-2111
jonathan.chang@davispolk.com

SO ORDERED this _______day of __________________, 2025.

______________________________
The Honorable Jennifer L. Hall
United States District Judge